**Lanelle Harbin TACKETT et vir, Appellants,**

**v.**

**Bruce S. TERRILL, Appellee.**

**No. 4054.**

Court of Civil Appeals of Texas.

Eastland.

May 13, 1966.

Clyde V. Sweeney, Stephenville, for appellants.

Lucian Touchstone, Touchstone, Bernays & Johnston, Dallas, Ennis Favors, Stephenville, for appellee.

COLLINGS, Justice.

Lanelle Harbin brought suit in the District Court against Dr. Bruce S. Terrill. Plaintiff alleged that she was the wife of Judge Dale W. Harbin prior to his death on July 6, 1961; that after the death of her husband, Dr. Terrill performed a wrongful and unauthorized autopsy on his body; that such action by the defendant was a trespass and a crime, which caused plaintiff to suffer great mental anguish, distress and damages. Thereafter, it was suggested to the court that plaintiff Lanelle Harbin had married Jess J. Tackett and he was made a party plaintiff. The trial was to a jury and based upon the verdict, judgment was rendered against the plaintiffs and in favor of the defendant, Dr. Bruce S. Terrill. The plaintiffs have appealed.

The jury found that Mrs. Lanelle Harbin Tackett gave Dr. Bruce Terrill permission to perform an autopsy on her husband, Dale W. Harbin, on July 6, 1961. Appellants urge there is no evidence that Mrs. Tackett ever granted permission for Dr. Terrill to perform an autopsy on the body of her deceased husband; that the undisputed evidence shows appellant refused permission for an autopsy; that the undisputed evidence shows that Dr. Terrill attempted to justify the autopsy, rather than show that Mrs. Tackett granted permission therefor and that the undisputed evidence shows that Dr. Terrill intentionally performed the autopsy without the consent of appellant.

The record does show, as urged by appellants, that Dr. Terrill attempted to justify the autopsy. The controlling question, however, is whether there is evidence to support the jury finding that Mrs.

Lanelle Harbin Tackett gave Dr. Terrill permission to perform the autopsy. There was testimony that Mrs. Tackett refused to grant permission for the autopsy. She so testified, and there was other testimony to the same effect. This testimony, however, was not undisputed. It is undisputed that Mrs. Tackett at first refused to give permission for the autopsy. Dr. Terrill, himself, testified that he met Lanelle Harbin Tackett when she arrived at her home in Stephenville after the death of her husband in Fort Worth; that he was family physician and felt there should be an autopsy to determine the cause of Judge Harbin's death. Dr. Terrill testified that he advised Mrs. Tackett of his opinion in this respect and that she, at that time, interrupted him and said "if you mean an autopsy, no, because they had asked me in Fort Worth if they could do an autopsy there—". Dr. Terrill further testified, however, that he told Mrs. Tackett that it was advisable for them to determine the cause of her husband's death, if possible; that she talked to several of her friends, who were present, and then agreed to the autopsy. The doctor testified that, after so considering the matter, Mrs. Tackett said, "well, all right", and that no restrictions whatever were placed upon her permission for an autopsy. Dr. Phillip Price, a witness called by appellants, was present at the time of the conversation between the parties and he testified that Mrs. Tackett consented that "the operative procedure should be had" and that he did not recall any restrictions being placed on appellant's permission for the autopsy. Mr. Brad Thompson, a witness called by appellee, testified that he, also, was present at the time of the conversation between the parties; that Mrs. Tackett at first refused permission for an autopsy, but after further consideration gave Dr. Terrill authority to perform the autopsy, to see what caused her husband's death. He stated that there was a discussion between all the parties present on the occasion concerning the advisability of the autopsy and that after Lanelle Harbin Tackett had considered the matter "a little bit" she said "well, all right".

He also stated that she did not place any restrictions on her consent to the autopsy and that Dr. Terrill told her that it would be something similar to a surgical operation. All of the witnesses who testified concerning the conversation stated that Mrs. Tackett gave permission to Dr. Terrill to see if he could determine the cause of Judge Harbin's death. Appellants' contention, and the testimony of appellants' witnesses, is that Lanelle Harbin Tackett only gave permission "to go back in and open the operative site" and examine the graft at the site of a prior operation to see whether or not it had healed. Appellant and her witnesses stated that this was the extent of the permission given by Lanelle Harbin Tackett and that there was no permission to perform an autopsy. In this connection Dr. Terrill testified that he told Lanelle Harbin Tackett he would "do a surgical operation" and that was when she said "all right" or words to that effect; that "she consented to a surgical operation;" that he told her they would operate and "it would be all around the operative site where he had had the operation around the heart and the vessels." There was further medical testimony to the effect that there was no difference in the meaning of the terms "autopsy" and "post-mortem surgical operation;" that such terms were used interchangeably. From the foregoing it is apparent that whether the widow consented or not was a question of fact. That question was decided against appellants.

Appellants' points are all overruled and the judgment is affirmed.